IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MID-CONTINENT CASUALTY CO.,**

    **Plaintiff,**

v.                                                                                    CIV-11-0329 WJ/LAM

**I & W, INC., CIRCLE S FEED STORE, LLC,
RICHARD L. MENUEY and MARY L. MENEUY,**

    **Defendants.**

### ORDER DENYING MOTION TO QUASH SUBPOENA DUCES TECUM

**THIS MATTER** is before the Court on Plaintiff *Mid-Continent Casualty Co.'s Motion to Quash Subpoena Duces Tecum for Production or Inspection (Doc. 41)*, filed December 9, 2011. Defendants/Cross-Plaintiffs Circle S Feed Store, LLC, Richard L. Menuey and Mary L. Menuey (hereinafter "Defendants"), filed a response to the motion on December 21, 2011 [*Doc. 46*], and Plaintiff filed a notice of completion of briefing on January 13, 2012 [*Doc. 53*]. Having considered the motion, response, record of the case, and relevant law, the Court **FINDS** that the motion is not well-taken and shall be **DENIED**.

Defendant I & W, Inc. (hereinafter "I & W")[1] was sued in the New Mexico Fifth Judicial District Court for allegedly damaging property through extracting salt from geologic formations underneath the property. *See* [*Doc. 20* at 2-3] (First Amended Complaint). In the instant case,

---

[1] The Court notes that I & W is named as a Defendant but has not been served in this case, *see **Clerk's Minutes** (Doc. 25)* at 3 (explaining that although I & W is in bankruptcy, the Bankruptcy Court has lifted the stay for this action to proceed against I & W, I & W will not have a default judgment entered against it in this action, and the Bankruptcy Trustee has control over I & W's assets, including its insurance policies).

Plaintiff Mid-Continent seeks a declaratory judgement from this Court to find that (1) a policy it issued to I & W does not cover the actions of I & W at issue in the state case and does not encompass the types of injuries the state plaintiffs have alleged and (2) Plaintiff has no duty to defend or indemnify I & W under the policy. *Id.* at 9. Defendants have filed a counter-claim against Plaintiff asking the Court for a declaratory judgment finding that the policies issued by Plaintiff afford coverage to I & W for the claims asserted in the state court litigation and that Plaintiff is obligated to defend I & W in the state action and indemnify it up to the coverage limits of the policy. [*Doc. 10* at 7-8]. Plaintiff and Defendants have each filed motions for summary judgment in this case. [*Docs. 37* (Plaintiff's motion for summary judgment) and *42* (Defendants' motion for summary judgment)].

In its motion to quash, Plaintiff contends that a subpoena served on Letcher, Golden & Associates, Inc. (hereinafter "LGA") on November 22, 2011, should be quashed. [*Doc. 41* at 2]. The subpoena commands LGA to permit inspection of the following documents:

> (1) Your agent's underwriting file(s) and all documents contained therein relating to the application of I&W, Inc., underwriting of the I&W, Inc. risk, computation of premium and issuance of all insurance policies issued through your company to I&W, Inc. from 1994 through the present and specifically those insurance policies issued by The Mid-Continent Group and any of its affiliated or subsidiary companies.
>
> (2) Your agency agreement and other documents memorializing your business relationship with the Mid-Continent Group and any of its affiliated or subsidiary companies.

[*Doc. 41-1*, Exhibit 1]. Plaintiff states that the subpoena "must be quashed, as it commands documents that exceed the scope of discovery as set forth in Rule 26." [*Doc. 41* at 2]. Specifically,

Plaintiff states that the subpoena is overly broad and burdensome because it requests documents from 1994 to the present, while the relevant time period in this declaratory judgment action is from 2000-2009.  *Id.* at 4 and 8.  Further, Plaintiff contends that the documents are irrelevant because the documents go beyond the scope of the insurance contract itself and, because Plaintiff contends that the insurance contract is not ambiguous, those documents are irrelevant to the Court's determination of coverage.  *Id.* at 4-7.

In response, Defendants explain that LGA "is believed to be an agent of Mid-Continent but that relationship has not been confirmed."  [*Doc. 46* at 1].  Defendants contend that "[t]he information and documents sought via the Subpoena to LGA are relevant to not only the claims concerning violations of the [Unfair Insurance Practices Act] but also to show the parties' intent in making and interpreting the policies."  *Id.* at 2.  Defendants further contend that the documents are relevant because they "will establish whether or not LGA may be considered an agent of Mid-Continent such that its actions can be imputed to Mid-Continent."  *Id.*  Defendants argue that "a potential ambiguity exists concerning the policy language and the scope of coverage by virtue of [Plaintiff]'s denial of the counterclaim allegations, specifically the claims asserting coverage under the primary and umbrella policies."  *Id.* at 5.

Under Rule 45(c)(3)(A), a court <u>must</u> quash a subpoena that: (1) does not allow adequate time to comply; (2) requires a non-party to travel more than 100 miles, except for travel to attend trial; (3) requires disclosure of privileged or other protected matter; or (4) subjects a person to undue burden.  Under Rule 45(c)(3)(B), a court <u>may</u> quash a subpoena that requires: (1) disclosing a trade secret or confidential commercial information; (2) disclosing an unretained expert's opinion; or (3) a

non-party to incur substantial expense to travel more than 100 miles to attend trial.  However, before reaching whether the subpoena at issue should be quashed, the Court must first address the issue of whether Plaintiff has standing to move to quash the subpoena served on LGA, who is not a party to this case.  *See Public Service Co. of Okla. v. A Plus Inc.*, No. CIV-10-651-D, 2011 WL 691204, at *2 (W.D. Okla. Feb. 16, 2011) (unpublished) ("[D]ecisions applying Rule 45(c)(3)(A) require a court to consider the movants' standing even if it is not disputed.") (citations omitted).  A party generally has no standing to object to subpoenas issued to a non-party, absent some personal right or privilege with regard to the subject matter in the documents sought.  *See id.* ("[T]he general rule is that only the person to whom the subpoena is directed has standing to object to its issuance."); *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590 (D.Kan. 2003).  "To satisfy the standing requirement on this basis, a conclusory assertion that the subject documents 'are private, confidential, and proprietary' is insufficient; instead, the challenging party must specifically identify the personal right or privilege on which he relies."  *Public Service Co.*, 2011 WL 691204, at *3 (citations omitted).  Courts have held that a plaintiff has standing to challenge subpoenas issued to third parties which seek: the plaintiff's employment records (*Shirazi v. Childtime Learning Center, Inc.*, No. CIV-07-1289-C, 2008 WL 4792694, at *1 (W.D. Okla. Oct. 31, 2008) (unpublished) (personal right to employee's own employment records)); financial records (*Transcor, Inc.*, 212 F.R.D. at 590-91 (personal right to own bank account records) and *Arias-Zeballos v. Tan*, No. 06 Civ. 1268 (GEL)(KN., 2007 WL 210112, at *1 (S.D.N.Y. Jan 25, 2007) (unpublished) (privacy interest in personal financial affairs)); and medical or mental health records (*Fenstermacher*

*v. Moreno*, No. 1:08-cv-01447-SKO PC, 2010 WL 5071042, at *3-5 (E.D.Cal. Dec. 7, 2010) (unpublished) (personal right or privilege to medical records)).

Here, Plaintiff states that it is "adversely affected" by the subpoena, but does not claim that it has a personal right or privilege with regard to the subject matter of the documents sought. [*Doc. 41* at 3]. Plaintiff submits no authority, and the Court is not aware of any, in which a court has found that underwriting documents or documents relating to insurance policies constitute a personal right or privilege that would confer standing on a party to move to quash a subpoena served on a non-party. For these reasons, the Court finds that Plaintiff does not have standing to move to quash the subpoena served on LGA and this motion should be denied.

The Court notes that Defendants have filed a motion to compel, in which Defendants seek documents similar, if not identical, to those at issue in the subpoena served on LGA. [*Doc. 58* at 2-7] (stating that Defendants seek Plaintiff's underwriting file and the agreement between Plaintiff and LGA). Because those documents will be produced to Defendants by LGA pursuant to this order, the Court directs Defendants to notify the Court **within 14 days** whether it is still seeking those documents from Plaintiff, or if the portions of its motion to compel regarding those documents has become moot.

**IT IS THEREFORE ORDERED** that Plaintiff *Mid-Continent Casualty Co.'s Motion to Quash Subpoena Duces Tecum for Production or Inspection (Doc. 41)* is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants notify the Court **within 14 days of entry of this Order** whether those portions of its motion to compel regarding Plaintiff's underwriting file and the agreement between Plaintiff and LGA [*Doc. 58*] is moot.

**IT IS SO ORDERED.**

*Lourdes a. Martinez*
_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**