**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**MID-CONTINENT CASUALTY CO.,**

    **Plaintiff,**

v.                                                                                          CIV-11-0329 WJ/LAM

**I & W, INC., CIRCLE S FEED STORE, LLC,
RICHARD L. MENUEY and MARY L. MENEUY,**

    **Defendants.**

### ORDER DENYING WITHOUT PREJUDICE MOTION TO COMPEL

**THIS MATTER** is before the Court on Defendants/Cross-Plaintiffs' Circle S Feed Store, LLC, Richard L. Menuey and Mary L. Menuey's (hereinafter "Defendants") motion to compel [*Doc. 58*], filed January 26, 2012. Plaintiff Mid-Continent Casualty, Co. filed a response to the motion on February 9, 2012 [*Doc. 60*], and Defendants filed a reply on February 23, 2012 [*Doc. 63*]. On February 23, 2012, the Court entered an order denying Plaintiff's motion to quash a subpoena regarding some of the same documents sought in the motion to compel, and ordered Defendants to notify the Court if those portions of the motion to compel were moot. [*Doc. 62*]. On March 8, 2012, Defendants filed a notice with the Court stating that the motion to compel is not moot. [*Doc. 66*]. Having considered the motion, response, reply, and record of the case, the Court **FINDS** that the motion shall be **DENIED without prejudice**.

In this case, Plaintiff seeks a declaratory judgment from this Court finding that (1) a policy it issued to Defendant I & W, Inc. does not cover the actions of I & W, Inc. at issue in an underlying

state case and does not encompass the types of injuries the state plaintiffs have alleged, (2) Plaintiff has no duty to defend or indemnify I & W, Inc. under the policy, and (3) Plaintiff has no duty to pay Defendant Circle S Feed Store any judgment or settlement that may arise out of the underlying state case. *See* [*Doc. 20* at 9] (First Amended Complaint). In the motion to compel, Defendants ask the Court to compel Plaintiff to produce the following documents: (1) specific documents from Plaintiff's underwriting file (Bates numbers 2415-17, 2509-12, 2675-79, 2708-09, 3356-59 and 3654-55); (2) the agreement between Plaintiff and Letcher, Golden and Associates (hereinafter "LGA") relating to the insurance coverage for I&W, Inc.; and (3) claims manuals, policies and procedures related to the interpretation of Plaintiff's insurance policies. [*Doc. 58* at 2, 4 and 5]. Plaintiff contends that these documents are not relevant because the insurance contract between Plaintiff and I&W, Inc. is not ambiguous, and further contends that the Defendants do not have standing to pursue this motion to compel. [*Doc. 60* at 4-6].

The Court finds that the motion to compel should be denied without prejudice for three reasons. First, Defendants do not contend that they need any of the requested documents for summary judgment purposes, and Defendants filed a motion for summary judgment, response to Plaintiff's motion for summary judgment, and reply to their own motion for summary judgment, without stating that these documents are necessary for the Court to resolve the issues before it. *See* [*Docs. 43, 42* and *54*]. Second, Defendants acknowledge that some of the disputed documents may be produced by LGA to Defendants pursuant to the Court's order denying Plaintiff's motion to quash a subpoena duces tecum served on LGA, so the motion to compel may become moot as to those documents once they are produced to Defendants. *See* [*Doc. 66* at 1]. Third, on

March 28, 2012, the presiding judge in this case entered an order stating that "[t]he parties have informed the Court that the underlying state case to which this declaratory judgment action relates has come to completion, thus changing the legal landscape for purposes of this case." [*Doc. 71* at 1]. In that order, the presiding judge denied the two pending motions for summary judgment without prejudice and ordered the parties to work on a new scheduling order to address the new posture of the case in light of the outcome of the state court case. [*Doc. 71* at 1-2]. It is, therefore, unclear how this case will proceed based on the completion of the state court litigation, and whether Defendants will still seek these documents. For these reasons, the Court finds that the motion to compel should be denied without prejudice.

**IT IS THEREFORE ORDERED** that *Defendants'/Cross-Plaintiffs' Motion to Compel (Doc. 58)* is **DENIED without prejudice.**

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
