IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MID-CONTINENT CASUALTY CO.,**

    **Plaintiff,**

v.     CIV-11-0329 WJ/LAM

**I & W, INC., CIRCLE S FEED STORE, LLC,
RICHARD L. MENUEY and MARY L. MENEUY,**

    **Defendants.**

# ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO COMPEL [Doc. 90]

**THIS MATTER** is before the Court on Defendants'/Cross-Plaintiffs' Circle S Feed Store, LLC, Richard L. Menuey and Mary L. Menuey (hereinafter "Defendants") Motion to Compel [*Doc. 90*], filed July 13, 2012. Plaintiff Mid-Continent Casualty Co. (hereinafter "Mid-Continent") filed a response on July 30, 2012 [*Doc. 97*], and Defendants filed a reply August 10, 2012 [*Doc. 100*]. Having considered the parties' submissions, the record of the case, and relevant law, the Court **FINDS** that Defendant's Motion to Compel [*Doc. 90*] shall be **DENIED without prejudice**.

Defendant I & W, Inc. (hereinafter "I & W")[1] was sued in the New Mexico Fifth Judicial District Court for damaging property by extracting salt in the form of brine water from geologic formations underneath the property. *See* [*Doc. 20* at 2] (First Amended Complaint). In this case,

---

[1] The Court notes that I & W is named as a Defendant but has not been served in this case, *see **Clerk's Minutes** (Doc. 25)* at 3 (explaining that although I & W is in bankruptcy, the Bankruptcy Court has lifted the stay for this action to proceed against I & W, I & W will not have a default judgment entered against it in this action, and the Bankruptcy Trustee has control over I & W's assets, including its insurance policies).

Plaintiff Mid-Continent seeks a declaratory judgment from this Court finding that (1) a policy issued by Plaintiff Mid-Continent to Defendant I & W, Inc. does not cover the actions of I & W, Inc. at issue in the underlying state case and does not encompass the types of injuries the state plaintiffs have alleged; (2) Plaintiff Mid-Continent has no duty to defend or indemnify I & W, Inc. under the policy; and (3) Plaintiff Mid-Continent has no duty to pay Defendant Circle S Feed Store any judgment or settlement that may arise out of the underlying state case. *Id.* at 9. Defendants have filed a counter-claim against Plaintiff Mid-Continent seeking a declaratory judgment that Plaintiff Mid-Continent is obligated to defend and indemnify I & W, Inc. in the state case and alleging violation of the Unfair Insurance Practices Act. [*Doc. 10* at 6-8]. Mid-Continent states in its response to the motion to compel that a verdict was obtained earlier this year in the underlying state case in favor of Circle S Feed Store, LLC, Richard L. Menuey and Mary L. Menuey and against I & W, Inc. [*Doc. 97* at 1]. Currently pending before the Court are: (1) two motions for summary judgment filed by Plaintiff Mid-Continent, one regarding whether Mid-Continent has a duty to indemnify I & W, Inc. for diminution-in-value damages assessed in the underlying state case (*Doc. 82*), and one regarding whether Mid-Continent has a duty to indemnify I & W, Inc. for punitive damages assessed in the underlying state case (*Doc. 85*); (2) a motion by Plaintiff Mid-Continent to dismiss Defendants' Unfair Insurance Practices Act counter-claim (*Doc. 84*); and (3) a motion for summary judgment by these Defendants. (*Doc. 93*).

In their motion to compel, Defendants ask the Court to compel Plaintiff to produce the following documents: (1) specific documents from Mid-Continent's underwriting file (Bates numbers 2415-17, 2509-12, 2675-79, 2708-09, 3356-59 and 3654-55); (2) the agreement between Mid-Continent and Letcher, Golden and Associates (hereinafter "LGA") relating to the insurance

coverage for I&W, Inc.; and (3) claims manuals, policies and procedures related to the interpretation of Mid-Continent's insurance policies. [*Doc. 90* at 3-6]. Defendants previously requested these documents in a motion to compel filed January 26, 2012 *(Doc. 58)*, which was denied without prejudice because: (1) Defendants did not contend that they needed any of the requested documents for their summary judgment motion; (2) Defendants had acknowledged that some of the disputed documents might be produced by LGA to Defendants pursuant to the Court's order denying Plaintiff's motion to quash a subpoena duces tecum served on LGA, such that the motion to compel might have become moot as to those documents once they were produced to Defendants; and (3) the underlying state case had recently been resolved, so it was unclear at that time how this case would proceed and whether Defendants would still seek these documents. *See* [*Doc. 72* at 2-3]. In the motion to compel currently before the Court, Defendants state that the documents they seek "may not be necessary for the Motions for Summary Judgment;" however, Defendants contend that they should be produced anyway because they are relevant and discoverable. [*Doc. 90* at 2].

In response, Plaintiff Mid-Continent contends that the requested documents are not relevant to the parties claims or defenses because, under New Mexico law, determination of an insurer's obligation to its insured is limited to the terms of the policy where there is no ambiguity in the policy, and Plaintiff Mid-Continent contends that there is no ambiguity in the policy at issue. [*Doc. 97* at 4-5]. Plaintiff Mid-Continent further contends that the currently-pending motions are dispositive of all issues in this case and that Defendants did not request these documents for their briefing of those motions. *Id.* at 6. In their reply, Defendants state that the documents should be produced because: (1) "the documents are relevant to Defendants' claim of coverage and could show how the policies were issued to provide insurance coverage for I & W, Inc.'s [] operations which

resulted in Defendants' damages;" (2) Plaintiff has not demonstrated that any harm would result from production of the documents; and (3) Defendants have standing to request the documents, even though the insurance contract was between Plaintiff and I & W, Inc., because their rights will be affected by the decision in this case. [*Doc. 100* at 2].

The Court finds that Defendants' motion to compel should again be denied without prejudice. Determination of whether the information in the documents is relevant to Mid-Continent's claims turns on whether the contract in dispute is ambiguous, which is a dispositive issue currently pending before the presiding judge in this case. As such, it would not be appropriate for the undersigned to make that determination. In addition, while the documents may be relevant to Defendants' Unfair Insurance Practices Act counter-claim, Mid-Continent has filed a motion to dismiss that claim contending that Defendants lack standing to bring the claim. *See* [*Doc. 84*]. Importantly, Defendants do not assert that the requested documents are needed in order for the presiding judge to decide any of the pending motions for summary judgment or the motion to dismiss, other than stating that the "requested documents are relevant and discoverable." [*Doc. 90* at 2]. Regardless, if the documents were required for Defendants' briefing of those motions, a motion under Fed. R. Civ. P. 56(d) would be the appropriate method in which to seek the documents.

Pursuant to Fed. R. Civ. P. 26(b)(2)(C)(iii), the Court must limit the extent of discovery otherwise allowed if " the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Even though Mid-Continent does not state how burdensome it would be to produce the requested

documents, the Court finds that, because these documents are unnecessary to resolve the currently-pending dispositive motions, and because the currently-pending motions may be dispositive as to all of the claims in this case, the burden of production outweighs its likely benefit at this time. The Court, therefore, finds that this motion should be denied without prejudice. If there is a ruling that allows this case to proceed, Defendants can file this motion again at that time.

**IT IS THEREFORE ORDERED** that, for the reasons set forth above, Defendant's Motion to Compel [*Doc. 90*] shall be **DENIED without prejudice**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ
UNITED STATES MAGISTRATE JUDGE**