IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

MID-CONTINENT CASUALTY CO.,

        Plaintiff,

       v.                                               CIV-11-0329 CG/LAM

I & W, INC., CIRCLE S FEED STORE, LLC,
RICHARD L. MENUEY and MARY L. MENEUY,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO DISMISS THE UNFAIR INSURANCE**
**PRACTICE ACT COUNTER-CLAIM FOR LACK OF STANDING**

      THIS MATTER comes before the Court upon Plaintiff's Motion to Dismiss the Unfair Insurance Practices Act Claim for Lack of Standing, filed June 29, 2012 (Doc. 84). Having reviewed the parties' briefs and applicable law, I find that Plaintiff's motion is meritorious. Accordingly, it is GRANTED.

**BACKGROUND**

      This is an insurance coverage dispute. Plaintiff Mid-Continent Casualty Company ("MCC") seeks a determination of whether it owes Defendant I&W, Inc. ("I&W") a duty to indemnify I&W for damages sought and awarded in an underlying state court action. In the state court lawsuit, Plaintiffs Circle S Feed Store, L.L.C, Richard L. Menuey and Mary L. Menuey ("Circle S Parties" for purposes of this Order) sued I&W for property damage due to its solution

mining operation underneath the property owned by I&W and the Circle S Parties.[1] The lawsuit was filed in the Fifth Judicial District Court, State of New Mexico, County of Eddy, and is styled as *Circle S Feed Store, LLC, Richard L. Menuey and Mary L. Menuey v. I & W, Inc.*, case number CV-2009-793 ("state court lawsuit").

I&W filed for bankruptcy protection, and was initially dismissed voluntarily from the federal lawsuit on July 13, 2011 pending relief from the automatic bankruptcy stay from the United States Bankruptcy Court, District of New Mexico, *see In re I&W, Inc.,* cause number 10-12366-j7 ("bankruptcy case") *See* Doc. 4. A relief from stay was granted on MCC's motion on August 2, 2011. *See* Doc. 18 at 1. The Court subsequently granted Plaintiff's motion to amend the complaint to join I&W as a necessary party to this action because it is the owner of the policies at issue. *See* Doc. 19.

In the motion to dismiss the Circle S Parties' counterclaim alleging that MCC violated the Unfair Insurance Practices Act, N.M.S.A. § 59A-16-20 ("UIPA"), MCC argues that only the insured (I & W) has standing to bring claims under UIPA, and therefore requests that this Court dismiss those claims. The Circle S Parties contend that, pursuant to an order of the Bankruptcy Court, they were given the authority to "take the lead in litigating the issues that are the subject matter of the Litigation so that I&W and the Trustee will not be expected or required to litigate the issues." (Doc. 18-1).[2]

---

[1] That mining operation involved the extraction of salt in the form of brine water from geologic formations under the property. The Court uses the term "Circle S Parties" in order to separate Circle S and the Menueys from I&W, and also because those individuals were plaintiffs in the state court action, but are defendants in the federal action.

[2] MCC's motion to dismiss the UIPA claim was filed after the Court ordered supplemental briefing on the issue of standing, having found the parties' arguments to be insufficient in the briefing on the motions for summary judgment. *See* Docs. 67, 69 & 70. The motions for summary judgment that were pending at the time have been denied without prejudice, in light of the resolution of the state court case. *See* Doc. 71. The parties' cross-motions for summary judgment were filed subsequently to that resolution. Thus, the Court's consideration of the instant

Meanwhile, on February 27, 2012, the state court lawsuit between the Circle S Parties and I&W was heard, and a verdict reached, in favor of the Circle S Parties. *See* Doc. 68 at 2. The jury awarded the Circle S Parties $703,000.00 in compensatory damages for I&W's negligence, and $300,000.00 in punitive damages.[3]

## DISCUSSION

In turning to the instant motion, the Court considers the parties' briefing on the motion as well as the supplemental briefing. As noted in the Joint Scheduling Order, Defendant I&W is not actively participating in this matter, and Richard L. Menuey and Mary L. Menuey are taking the lead in litigating the coverage issues. (Doc. 73). The question to be decided here is whether the Circle S Parties have standing to assert a UIPA claim where the insured (I&W) is bankrupt and not participating in the lawsuit; in other words, whether they have standing as third-party claimants to bring a direct action against MCC.

**I.     Legal Standard**

MCC seeks dismissal of the Circle S Parties' counterclaim under both Rule 12(b)(1) and also Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Rule 12(b)(1) empowers a court to dismiss a complaint for lack of jurisdiction over the subject matter. Fed.R.Civ.P.12(b)(1). When making a Rule 12(b)(1) motion, a party may go beyond the allegations in the complaint to challenge the facts upon which jurisdiction depends by relying on affidavits or other evidence properly before the court. *See New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir.1995); *Holt v. United States*, 46 F.3d

---

motion is based on the parties' briefing (Docs. 84, 96 and 105 as well as the parties' supplemental briefing. Docs. 69 and 70.

[3] The Special Verdict is attached as Ex. C to the Circle S Parties' supplemental brief. Doc. 69-3.   Judgment was entered in the state court case, No. D-503-CV-2009-00793, on April 24, 2012, according to the case docket of the Fifth Judicial District, County of Eddy, State of New Mexico.

1000, 1003 (10th Cir.1995). A court has broad discretion to consider affidavits or other documents to resolve disputed jurisdictional facts under rule 12(b)(1). *See Holt*, 46 F.3d at 1003. In those instances, a court's reference to evidence outside the pleadings does not necessarily convert the motion to a rule 56 motion. *Id.* (citing to *Wheeler v. Hurdman*, 825 F.2d 257, 259 n. 5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987)).

For federal courts to have jurisdiction over an action, "the party bringing the suit must establish standing." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004); *see also Utah Animal Rights Coal. v. Salt Lake County*, 566 F.3d 1236, 1240 (10th Cir.2009). To establish standing, a plaintiff must satisfy the case-or-controversy requirement of the United States Constitution by showing he has suffered an "injury in fact." In addition, the plaintiff must satisfy the requirements of prudential standing, which means that a plaintiff must assert his own legal rights and interest, and cannot rest his claim to relief on the legal rights or interests of third parties. *The Wilderness Soc. v. Kane County, Utah*, 632 F.3d 1162, 1168 (10th Cir. 2011) (citing *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

**II.   ANALYSIS UNDER RULE 12(b)(1)**

The parties agree that third-party suits against insurers are not allowed at common law, and are only permitted where insurance is required by statute or public policy, and absent a clear statutory indication to the contrary. *King v. Allstate Ins. Co*., 141 N.M. 612, 615, 159 P.3d 261, 264 (N.M.App.,2007) (citing *Raskob v. Sanchez,* 126 N.M. 394 (1998)). The UIPA does not provide for third-party claims against an insurer, and states in pertinent part:

> Any person covered by Chapter 59A, Article 16 NMSA 1978 who has suffered damages as a result of a violation of that article by an insurer or agent is granted a right to bring an action in district court to recover actual damages. Costs shall be allowed to the prevailing party unless the court otherwise directs.

N. M. S. A. 1978, § 59A-16-30. New Mexico courts have narrowly interpreted what situations allow third-parties to sue under this provision. For example, in *Russell v. Protective Ins. Co.,* 107 N.M. 9 (1988), the New Mexico Supreme Court held that bad-faith actions are not covered by the Workers' Compensation Act and that a third party has standing under the UIPA "for damages unrelated to the workers' physical or psychological job-related disability. . . ." *Id.* The Supreme Court concluded that such actions may be brought in district court pursuant to the UIPA.[4] In *Hovet v. Allstate Ins. Co*., 135 N.M. 397 (2004), the New Mexico Supreme Court found that an automobile accident victim had standing as a third party to pursue an action under the UIPA against an insurer. The Supreme Court relied on *Russell* in finding that "the legislature did not intend to limit Article Sixteen [of the Insurance Code] simply to the traditional notion of 'insured'" and that a third party who can demonstrate a special beneficiary status may sue for unfair claims practices under the UIPA. 135 N.M. at 397. The Supreme Court further found that extending a private right of action to this category of third parties was "consistent with the

---

[4] In *Cruz v. Liberty Mut. Ins. Co.,* 119 N.M. 301, 303 (1995), the New Mexico Supreme Court noted that subsequent to *Russell*, the New Mexico Legislature amended the Workers' Compensation Act to bring all bad-faith claims within the exclusivity provision of the Act, which essentially "added to the Act the remedy that was missing in *Russell*." *Id.* This amendment does not affect the right of a worker, as a third-party, to sue an insurer for unfair insurance practices.

specific policy of the New Mexico Mandatory Financial Responsibility Act ("MFRA"). *Hovet*, 135 N.M. at 403. Specifically, the court found that "[t]hird parties, having claims against drivers who are insured under compulsory automobile liability policies, are intended beneficiaries of those insurance policies." 135 N.M. at 397.

     Neither *Russell* nor *Hovet* would support the notion that the Circle S Parties have a legally protected interest to sue MCC under the UIPA. This case does not involve the Workers' Compensation Act or the MFRA. It is also clear that the New Mexico Supreme Court does not construe the UIPA broadly, conferring a special beneficiary status to any third party who wants to sue a tortfeasor's insurer. The "paramount indicator" of third party beneficiary status is

> a showing that the parties to the contract intended to benefit the third party, either individually or as a member of a class of beneficiaries. . . Such intent must appear either from the contract itself or from some evidence that the person claiming to be a third party beneficiary is an intended beneficiary.

*Russell*, 107 at 13.

     In 2010, the New Mexico Supreme Court again addressed the issue of third-party standing, this time in the context of a personal injury case, and on certification from the U.S. Court for the District of New Mexico. In *Jolley v. Assoc. Elec. & Gas Ins. Serv. Ltd (AEGIS)*, 148 N.M. 436 (2010), a man drove into an energy company's unprotected natural gas wellhead, which ultimately led to the man's death when the steel gas line broke and the natural gas ignited. After the jury returned a verdict in favor of the personal representative of the decedent's estate, the personal representative filed a UIPA action against the insurer, asserting that the insurer failed to make a good faith effort to settle. In its analysis, the Supreme Court considered the UIPA's provision that any person who has suffered damages under the UIPA has a cause of action. Nevertheless, the court noted that a third-party right of action was allowed only in certain limited instances: "only where specific legislation indicated that [the New Mexico]

Legislature contemplated classes of persons to be protected under the Insurance Code." *Id.* The court also recognized that *Hovet's* holding was closely tied to the Legislature's policies in the MFRA. The Supreme Court noted in *Hovet* that the policy at issue was not one mandated by the MFRA, and was not one that was otherwise required by any New Mexico law. The policy was intended for the financial protection of the insured and "not the protection of members of the public who may be injured by the insured's operation of an automobile." *Id.* The New Mexico Supreme Court concluded that although the insurer had a duty to engage in fair claims practices under the UIPA, no obligation existed either in the Insurance Code or under any other statute with regard to providing a private action to the personal representative.

Thus, the Circle S Parties are required to show either that they are parties to the insurance contract between MCC and I&W, or that they are special beneficiaries of a statutory scheme requiring mandatory insurance for the benefit of third parties. The Circle S Parties agree that the holding in *Jolley* is not favorable to their position. Instead, they urge the Court to consider relevant New Mexico Oil Conservation Division ("OCD") regulations which require

> financial assurance requirements for persons, firms, corporations or associations who have drilled or acquired, are drilling or propose to drill or acquire an oil, gas or *injection* or other service well to furnish financial assurance acceptable to the division.

19.15.8.6 NMAC. (emphasis added). The Circle S Parties contend that since the brine wells in this case are characterized as injection wells, I&W would have been obligated to provide financial assurance to the OCD, and they interpret "financial assurance" as liability insurance. The Court agrees with MCC that the OC D regulations do not confer on the Circle S Parties special beneficiary status.  As MCC notes, the OCD provision was taken out of context.  The financial assurance provision applies only to activities relating to well-plugging, and is "not to secure payment for damages" for "any other purpose." 19.15.8.9 NMAC.  This language clearly

7

excludes the situation in the instant case. Moreover, the Court is not inclined to consider this form of guarantee, which involves letters of credit or surety bonds, *see* 19.15.8.9(A), as proof of liability insurance.

The Circle S Parties advance the theory that they were given a legally protected interest under the UIPA by virtue of the federal bankruptcy order which gives them the authority to take the lead in litigating this case. Under this theory, a claimant who obtains an order in a bankruptcy proceeding may pursue a third-party UIPA claim against an insurer, while a claimant who files a lawsuit in court without a bankruptcy order would lack standing to make such a claim. Standing would thus depend on whether a party has first sought relief in federal bankruptcy court. The Court agrees with MCC that this is a result not contemplated by the Legislature.

Finally, the Circle S Parties argue that a provision in the insurance contract itself has created a private right of action. Section IV of the policy states that "[a] person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured obtained after an actual trial. . . ." Ex. DD. The Court again agrees with MCC that this provision does not create a private action to the Circle S Parties under the UIPA because there is no obligation imposed on the insurer with regard to third parties on claims asserted under the UIPA. However, the provision *does* allow recovery of a final judgment by a third party who has prevailed in an adjudication against the insured tortfeasor. Thus, while the Circle S Parties have no standing to assert claims against MCC under the UIPA, they do have standing under the plain language of the policy to collect all the damages awarded in the judgment against I&W if in fact there is coverage for the events which were the subject of the underlying state court lawsuit. *See* Ex. DD (stating that MCC "will not be liable for damages that are not payable under the terms of this

Coverage Part. . . .").

### III.     ANALYSIS UNDER RULE 12(B)(6)

MCC also contends that the Circle S Parties fail to state a claim upon which the Court can grant relief, in that they cannot show that there is an injury in fact, a causal relationship between the injury and the challenged conduct and a likelihood that the injury will be redressed by a favorable decision. MCC notes that although standing in New Mexico state court "does not have the constitutional dimensions that are present in federal court," issues related to standing have been guided by "the traditional federal standing analysis." *ACLU of New Mexico v. City of Albuquerque*, 144 N.M. 471, 475-476 (N.M.,2008). The findings above make it clear that the Circle S Parties cannot establish the invasion of a legally protected interest because the New Mexico Legislature has not provided for a third-party UIPA claim under the circumstances of this case. Thus, MCC prevails on this ground as well.

### CONCLUSION

In sum, I find and conclude that there is no statutory scheme (like the MFRA) that required I&W to carry insurance coverage that would confer special beneficiary status to the Circle S Parties. Absent that status, the Circle S Parties have no standing to assert a counterclaim against MCC under the UIPA. Accordingly, the counterclaim asserted by the Circle S Parties (*see* Doc. 10) is hereby DISMISSED with prejudice.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Dismiss the Unfair Insurance Practices Act Claim for Lack of Standing **(Doc. 84)** is hereby GRANTED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE