IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MID-CONTINENT CASUALTY CO.,

      Plaintiff,

     v.                                                             CIV-11-0329 WJ/LAM

I&W, INC., CIRCLE S FEED STORE, LLC,
RICHARD L. MENUEY and MARY L. MENEUY,

      Defendants.

**ORDER GRANTING DEFENDANTS'/CROSS-PLAINTIFFS' MOTION TO ALTER OR AMEND FINAL JUDGMENT TO REFLECT BASIS FOR COURT'S FINDINGS**

THIS MATTER comes before the Court on Defendants'/Cross-Plaintiffs' Motion to Alter or Amend the Final Judgment and Alternatively, Relief from the Final Judgment, filed November 16, 2012 (**Doc. 116**). Having reviewed the parties' briefs and applicable law, the Court grants the motion to amend the final judgment, but denies relief on the requested alternative ground.

The Court recently granted summary judgment to Plaintiff Mid-Continent Casualty, concluding that Plaintiff has no duty to indemnify Defendants for the damages awarded by the jury in the state court lawsuit. *See* Doc. 114. In the Memorandum Opinion and Order granting summary judgment to Plaintiff, the Court undertook an analysis of the coverage provisions in Policy issued to Defendants and concluded that Plaintiff's summary judgment motion would be denied based on an interpretation of those provisions that was consistent with reasonable expectations of the insured and with the relevant law. The Court specifically found (1) an "occurrence" took place under the Policy because there was evidence that I&W "did not expect the property damage that occurred as a result of the continued enlargement of the caverns from

the salt mining"; (2) the Policy's exclusion provision did not preclude coverage because the harm alleged was not the same as any harm or injury that I&W expected or intended; and (3) damages based on diminution of value that were awarded in the underlying state court case did not constitute an economic loss (which was not covered under the Policy) but was used as a method for calculating the property damages suffered by defendants.  Doc. 114 at 7, 8.

However, the Court ultimately granted summary judgment in favor of Plaintiff, based on language in the Oil Industries Limitation Endorsements, which precluded coverage for loss of damage resulting from "subsidence caused by subsurface operations of the Insured."  Doc. 114 at 9.  A Final Judgment was entered, granting Plaintiff's Motion for Summary Judgment on coverage, and denying as moot other pending claims.  Doc. 115.

Defendants contend that the Oil Industries Limitation Endorsements ("Endorsements") were part of the commercial excess umbrella policies ("Excess/Umbrella"), are not applicable to the Primary policies, and thus do not preclude coverage afforded by the Primary policies.  They request that Final Judgment be amended to state that the Court would have denied Plaintiff's summary judgment motion, and that the Court would have found coverage existed, but for the language in the Endorsement.

The Court finds this request to be reasonable, based on the Court's findings on summary judgment, but finds Defendants' alternative request to afford relief from the Judgment to be inappropriate in this case.   Defendants now argue that Plaintiff's Primary policies cannot take advantage of the language in the Endorsements to negate coverage where no language in the Endorsement applies its terms to the Primary policies.  However, as the Court noted in its findings, Defendants' response to Plaintiff's argument on summary judgment regarding the Endorsement language was insufficient for the Court to deny summary judgment to Plaintiff.

*See* Doc. 114 at 9 ("Defendants' only response is to argue that the provision is vague and ambiguous, but they do not expand on this position at all."). The Court is not saying that, had Defendants raised these arguments in the response to summary judgment, Plaintiff's summary judgment motion would have been denied. The Court is simply noting that the time to present these arguments would have been when the Court was looking for them in determining a resolution on the pleadings.

Plaintiff's response to the instant motion is basically to revisit the arguments raised in the pleadings regarding coverage under the Primary Policies, and the Court sees no reason to reiterate the basis for its earlier findings on the provisions in those Policies.

In sum, the Court grants Defendants' motion to alter the Final Judgment to accurately reflect the basis for the Court's findings, which is that the Court would have denied Plaintiff's summary judgment motion, and that the Court would have found coverage existed, but for the language in the Endorsement.

A separate Amended Rule 58 Judgment shall be filed separately.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE