IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MID-CONTINENT CASUALTY CO.,

    Plaintiff,

    v.                                                        CIV-11-0329 CG/LAM

I&W, INC., CIRCLE S FEED STORE, LLC,
RICHARD L. MENUEY and MARY L. MENEUY,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND EXPENSES**

THIS MATTER comes before the Court upon Plaintiff's Motion for Award of Attorney's Fees and Expenses, filed November 30, 2012 (**Doc. 118**). Having reviewed the parties' briefs and the applicable law, I find that Plaintiff's motion is without merit and shall be denied.

**BACKGROUND**

In this insurance coverage dispute, the Court granted summary judgment to Plaintiff Mid-Continent Casualty Co. ("MCC") on the question of whether there was coverage for property damage due to I&W's solution mining operation underneath property owned by I&W and Defendants. In its summary judgment motion, MCC argued that (1) there was no "occurrence" as defined in the Policy; (2) coverage was excluded under the intentional injury exclusion; (3) the diminution in value damages sought by Defendant were not "property damages" and thus were not covered under the Policy. The Court rejected those arguments, but ultimately granted the motion in favor of Plaintiff on the basis of the Oil Industries Limitations Endorsement which the Court found precluded coverage. Doc. 114. On Defendants' post-judgment motion, the Court amended the final judgment to reflect these specific findings. Doc. 119.

In this motion, MCC requests attorney fees in the amount of $119,761.00 in fees and $1,195.81 in expenses on the basis that it is the prevailing party in this action and because it prosecuted this declaratory judgment action seeking a coverage opinion.  The motion is opposed by Defendants/Cross-Plaintiffs Circle S Feed Store, LLC. and the Menueys ("Defendants") because there is no justification for an award of fees.

## DISCUSSION

In its summary judgment motion, Plaintiff requested the Court to "award any other and further relief to which MCC may be so justly entitled at law or in equity, including reasonable attorney's fees and costs. . . ." Doc. 82 at 26-27.  However, the Court did not address the issue at the time summary judgment was granted, most likely because the Court could not imagine a basis for awarding fees to the Plaintiff.  The Court has not been persuaded otherwise with this motion.

As grounds for an award of fees, MCC cites to Fed.R.Civ.P. 54(d)(2), NMSA § 44-1-6, and 28 U.S.C. §§2201-2202.  None of these provide a basis for fees.  Rule 54(d)(2) merely provides a procedural basis for requesting fees when a party is substantively entitled to them; and the applicable New Mexico statute (NMSA § 44-6-6) refers only to *costs* which a court may award under the Declaratory Judgment Act as it deems "equitable and just."  The federal Declaratory Judgment Act also does not specifically provide for an award of attorney fees.  It merely states that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202; *Self-Insurance Inst. of Am. Inc. v. Korioth,* 53 F.3d 694, 697 (5th Cir. 1995) ("There is no authority for an award of attorney fees in 28 U.S.C. § 2202, the federal declaratory judgment statute.").

There are limited circumstances where an award of fees is appropriate in the court's discretion under § 2202, generally in diversity cases when there is a basis in state substantive law.  *See AG Acceptance Corp. v. Veigel,* 564 F.3d 695, 701 (5th Cir.2009) (attorneys' fees would be available under the federal Declaratory Judgment Act, because "controlling state substantive law permits such recovery").  There is no such basis cited by Plaintiff in this case, nor does the Court find any to exist.  Other circumstances that may warrant an award of fees under the Declaratory Judgment Act is where there is bad faith or frivolous claims.  When this happens, it is the *insured* who is awarded fees where the insured breaches its obligation to defend or cover—not the insured.  *See, e.g., Security Insurance Company of New Haven v. White*, 236 F.2d 215 (10th Cir.1956) (recognizing instances where fees are recoverable under § 2202 "even where they are unrecoverable under state law" and awarding fees and costs to insured where trial court found that the insurer should have defended the insured); *Kornfeld v. Kornfeld,* 2010 WL 3402460, 1 (10th Cir. 2010) (declining to "determine the outer scope of a court's authority" to award attorneys' fees under § 2202, but concluding that an award could be brought within the "bad-faith" exception).[1]

Thus, a review of the relevant case law makes it apparent that MCC presents no basis at all for a fee award.  In *American Commerce Ins. Co. v. Harris*, 664 F.Supp.2d 1220, 1223 (E.D.Okla. 2009), the insurer was the prevailing party on a coverage issue, and sought fees.  The court saw no rational for exercising its discretionary authority to award attorney fees to the

---

[1]  *See also United States  Cas. Co. v. Schlein,* 338 F.2d 169, 175 (5th Cir.1964) (finding that expenses "are the direct result of the impermissible abandonment of the Insurer's duty to defend and are therefore recoverable as a part of the Assured's damages"); *Broyles v. Commercial Union Ins. Co. of New York*, 287 F.Supp. 942 (D.C.Ark.1968) (where insurer denied coverage and insured instituted declaratory judgment proceeding in which court declared that insurer was obligated to defend action against insured, insured was entitled to reimbursement for attorney's fees and expenses incurred in conjunction with declaratory judgment proceeding); *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co*., 183 F.Supp.2d 106 (D.Me., 2002) (professional liability insurer could not recover attorney fees and costs from former clients where suit was not frivolous, based on Maine law).

insurer under § 2202.  664 F.Supp.2d at 1224.  It noted that the insurer did not have to file the declaratory judgment in order to litigate the insured's breach of a policy provision when it could "simply have defended on that basis any suit" brought by the insured to recover additional benefits under the policy.  The insurer would not have been able to recover fees on that basis.  *Id.*[2]  The court in *American Commerce* examined circumstances where § 2202 might allow an award of fees in a court's discretion:

> Where it is revealed in an action under § 2202 that the expenditure of fees was, in fact, necessary to secure relief that should never, legitimately, have been denied, there may be grounds under *Security Insurance* (or other authority, including 28 U.S.C. § 1927) for awarding the claimant those fees as having been necessarily incurred to enforce what has then been declared to have been her rights..

*American Commerce,* 664 F.Supp.2d at 1223 (citing *Patton v. The Denver Post Corp*., 379 F.Supp.2d 1114, 1117 (D.Colo.2005)).  That rationale is clearly inapplicable here.

New Mexico follows the "American rule" regarding attorney fees, which holds that, "absent statutory or other authority, litigants are responsible for their own attorney[ ] fees." *N.M. Right to Choose/NARAL v. Johnson*, 127 N.M. 654 (1999) (internal quotation marks and citation omitted).  Under that rule, attorney fees may be awarded pursuant to a statute, a court rule, or by contractual agreement.  *Id*.  Courts may consider "limited, narrow exceptions" to this rule, such as where a partner fraudulently "breaches the fiduciary duty owed another partner." *Bassett v. Bassett*, 110 N.M. 559, 564 (1990); *Turpin v. Smedinghoff,* 117 N.M. 598, 601 (1994) (noting reluctance of New Mexico Supreme Court to extend awards of attorney fees except in limited circumstances or "rare instances").

Thus, the Court can reasonably conclude that in an insurance case for a declaration of coverage, the insured might be awarded fees under § 2202 as a prevailing party.  Plaintiff's

---

[2]  *The court in American Commerce* also noted that insurer had waived the only other basis it might have had for an award of fees under an Oklahoma statute.  This scenario does not apply here.

motion is legally unfounded.  Also, granting such a motion would be bad policy, encouraging insurers to preempt their insureds by filing lawsuits on the coverage issues, and then if successful, seek attorney fees from them.  Allowing this kind of practice would upend any rationale there might be under § 2202 to authorize attorney fees, as indicated in the relevant case law.  Accordingly, the Court finds that there is no basis for the Court to award attorney fees and expenses to MCC.

    **THEREFORE,**

    **IT IS ORDERED** that Plaintiff's Motion for Award of Attorney's Fees and Expenses **(Doc. 118)** is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE