### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO
_____

MID-CONTINENT CASUALTY CO.,

      Plaintiff,

      v.                             No.  CIV-11-0329 WJ/LAM

I&W, INC., CIRCLE S FEED STORE, LLC,
RICHARD L. MENUEY and MARY L. MENEUY,

      Defendants.


### <u>MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL COMPLAINT</u>

THIS MATTER comes before the Court following remand by the Court of Appeals for the Tenth Circuit, upon Plaintiff's Motion for Leave to File First Supplemental Complaint, filed December 16, 2014 (**Doc. 142**).   Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's motion is not well-taken and, accordingly, it is **DENIED**.

### BACKGROUND

This case centers around an insurance coverage dispute in which the parties seek a determination as to whether Plaintiff ("MCC") owes Defendant I&W, Inc. ("I&W") a duty to indemnify I&W for damages sought and awarded in an underlying state court action for property damage that occurred as a result of I&W's mining operations. In the state court lawsuit, the Circle S Defendants sued I&W for property damage due to its solution mining operation underneath the property owned by I&W and Defendants, which occurred when the roof of the underground cavern collapsed.   The Circle S Defendants were plaintiffs in the underlying state

court lawsuit and alleged that their property had been diminished in value due to I&W's mining operation.   The jury awarded Defendants $703,000.00 in compensatory damages and $300,000.00 in punitive damages.  See Doc. 93, Defts' MSJ, Ex. B; Doc. 82 (MCC's MSJ), Ex. 26, Ques. No. 6; Doc. 135-1 (state court Judgment, 4/24/2012).[1]

Following remand by the Tenth Circuit in *Mid-Continent Cas. Co. v. Circle S Feed Store, LLC,* 754 F.3d 1175 (10th Cir. 2014), the Court granted summary judgment to the Circle S Defendants on the issue of coverage (Doc. 157), and also denied Plaintiff's Motion for Summary Judgment on Punitive Damages, concluding that  the MCC policies afford coverage for the state court jury's punitive damage award of $300,000.00.  *See* Doc. 158 (Mem.Opin. & Order).

## DISCUSSION

In the instant motion, MCC requests leave to file a First Supplemental Complaint in which Plaintiff asserts that it should not be obligated to pay the full amount of damages awarded by the state court jury because the property at issue retains some salvage value which should be offset against the jury award.   MCC notes that although the state court jury found that the Circle S property had been worth $703,000 prior to I&W's actions, and $0 following those actions, Circle S has continued to run a commercial feed business on the property, indicating that the property continues to have at least salvage value.  MCC argues that under New Mexico law, the purpose of a compensatory damage award is not to place the plaintiff in a better position than it would have been but for the tort.  *McNeill v. Burlington Res. Oil & Gas Co.,* 141 N.M. 212, 220 (Ct.App. 2006).   Thus, MCC argues that there should be a reduction in damages to account for the useable value of the property.   Doc. 136 at 5 (Resp. to Defts' Mot. for Decl. Judgmt.). Defendants concede that the property is still being used, but that the Menueys have no choice

---

[1]   A more detailed background is contained in the Court's Memorandum Opinion and Order granting summary judgment to the Circle S Defendants.  Doc. 157.

because Plaintiff's failure to pay the judgment prevents them from purchasing any other property.   Doc. 137 at 2 (Reply to Defts' Mot. for Decl. Judgmt.).

## I.      Legal Standard

Parties differ on whether Plaintiff is seeking to *amend* or *supplement* the complaint. Defendants rely on Fed.R.Civ.P. 15, while Plaintiff claims that it seeks supplementation rather amendment of the complaint.   Although leave to amend is generally freely granted under Rule 15(a)(2), it will not be permitted where the proposed amendment will be futile, or where the request is untimely and unduly prejudicial to the opposing part.   *Castleglen, Inc., et al. v. R.T.C.*, 984 F.2d 1571 (10th Cir. 1993).   Under Rule 15, untimeliness in itself can be a sufficient reason to deny leave to amend, even without a finding of prejudice to the opposing party.   *See Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1495 (10th Cir.1995); *Woolsey v. Marion Lab., Inc.*, 934 F.2d 1452, 1462 (10th Cir.1991).   In addition, a court may properly deny leave to amend if amendment would prove futile. Futility might warrant denial of leave to amend if the amended complaint would be subject to dismissal.   *Mountain View Pharmacy v. Abbott Lab*., 630 F.2d 1383, 1389 (10th Cir.1980).

Rule 15(d) describes "supplemental pleadings" as additions which set out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."   A court may permit a party to serve a supplemental pleading setting forth transactions, occurrences, or events that have happened since the date of the pleading sought to be supplemented.   *Gillihan v. Shillinger*, 872 F.2d 935, 941 (10th Cir. 1989).    In considering motions to supplement, courts also consider prejudice to the opposing party.   Leave to supplement a complaint should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants.   *Id*. (citing numerous cases).   Thus, both motions to amend

and motions to supplement are liberally granted unless other considerations (such as prejudice) preclude granting the motion. Finally, both types of motions are addressed to the sound discretion of the court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) (the grant or denial of leave to amend under Fed.R.Civ.P. 15(a) is a matter within the discretion of the trial court); *Gillihan v. Shillinger*, 872 F.2d at 941 (motions to supplement are addressed to the sound discretion of the trial court).

Under the circumstances here, however, the Court finds little distinction between the two standards, and that Plaintiff's motion would be denied under either one.

**II.     Whether Complaint Should be Amended or Supplemented**

MCC claims that this issue was not ripe prior to remand from the Tenth Circuit, nor will any of the facts surprise of prejudice Defendants.    Defendants contend that MCC has offered no legal basis for the reduction of damages for salvage value in its supplementation, and that the motion is untimely, prejudicial and futile and should be denied.

A.     Untimelineness

Untimeliness alone is generally insufficient as a basis to deny leave to amend, especially when the movant has no adequate explanation for the delay. *Frank v. U.S. West, Inc.,* 3 F.3d 1375, 1365-66 (10th Cir. 1993).   Here, Plaintiff contends that this matter was not ripe and could not have been raised until the Tenth Circuit's decision affirming coverage under the primary policies and excluding coverage under MCC's umbrella policies.   The Court is not persuaded that this is so.   Even if the issue of coverage amount was not definitively resolved until this Court decided the issue (and until the Tenth Circuit weighed in on the issue), it certainly was ripe for consideration.

MCC had access to all of the pertinent information at least since the date the state court awarded damages in the underlying lawsuit, which was April 24, 2012.   At that point, I&W as the insured was found to be negligent and liable to the Circle S plaintiffs for the damage resulting from I&W's mining operations.   The state court verdict occurred after MCC filed its complaint in federal court (April 21, 2011), and after MCC filed its First Amended Complaint (August 16, 2011), but prior to MCC's filing of its summary judgment motion on June 29, 2012 (Doc. 82).   In other words, Plaintiff knew that it may be held liable for indemnification of the state court judgment under the policies, yet never raised the issue when it surely could have argued in the alternative that, if the Court were to determine that coverage existed, MCC should be allowed to offset salvage value.   As Defendants point out, the discovery deadline was extended until August 17, 2012, which was after the state court lawsuit was tried and judgment entered.   *See*  Doc. 73.   Plaintiff presents no viable reason as to why it could not have raised this issue as an alternative argument when it was disputing that coverage existed.   *See Doelle v. Mountain States Telephone & Telegraph,* 872 F.2d 942, 947 (10th Cir. 1989).[2]   Moreover, Plaintiff did not dispute facts set forth in Defendants' motion for summary judgment that described the Circle S property and "unsellable and unmarketable according to Carlsbad realtors" and described its value as $0, as compared to $703,000 prior to the damage.   *See* Doc. 143, Defts' Facts 32 and 33.

In addition, as the Court will discuss below, MCC would have been aware it had a stake in the state court litigation, and yet did nothing to challenge the matter at that time.

B.     Prejudice

---

[2]   In fact, both parties had filed earlier motions for summary judgment prior to the outcome of the state court litigation.  After the state court case had been completed, the Court denied these motions without prejudice so that the parties could re-file the motions based on the new "legal landscape."  Doc. 71.  Thus, both parties knew about the state court judgment, as well as the amount awarded by the jury, prior to the parties' filing of their most recent summary judgment motions.

Plaintiff contends that no party would be prejudiced by an amendment to the complaint at this point, but this seems rather cavalier considering that the issue of salvage value was apparent to MCC throughout the underlying litigation, and could have been brought up at that time or even some time short of almost four years later.  Instead, Plaintiff has chosen to request supplementation of the complaint on this issue only after Circle S filed its Motion for Entry of Declaratory Judgment (Doc. 135).[3]

As just discussed, MCC presents no new information and no new argument for the salvage value issue.  This issue could have been raised before this Court decided the dispositive motions in this case and well before the Tenth Circuit issued its decision.  Even after two courts have found that the primary policies provide coverage for those compensatory damages, MCC seeks to reduce its coverage obligations as determined in the underlying state court lawsuit.

The district court has substantial discretion either to permit or deny a supplementation. *Chicago Regional Council of Carpenters v. Village of Schaumburg*, 644 F.3d 353 (7th Cir. 2011).   This Court is not inclined to grant Plaintiff's request when it is clear that it knew or should have known of the facts on which the proposed amendment or supplement is based and when allowing amendment at this point would pose a delay that would most certainly prejudice Defendants.    *Cmp. Chaara v. Intel Corp.*, 2006 WL 4079030 (D.N.M.) (citing Frank v. U.S. West, Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993) (denying leave to file or supplement complaint where movant knew or should have known pertinent facts and finding that opposing party would be prejudiced).  *See Village of Schaumburg,* 644 F.3d at 356 (denying motion to supplement where the party requested supplementation after the court had denied its motion for summary judgment, and noting that the request was filed "too little, too late").

---

[3]   This motion is pending before the Court.

C.     Futility of Amendment of Supplementation

Finally, the Court agrees with Defendants that Plaintiff is collaterally estopped from now bringing a claim for salvage value.     Collateral estoppel bars relitigation of ultimate facts or issues actually and necessarily decided in another suit. *Silva v. State*, 106 N.M. 472, 474 (1987); *see also, Reeves v. Wimberly*, 107 N.M. 231, 233, 755 P.2d 75, 77 (Ct.App. 1988) (The purpose of collateral estoppel is to prevent endless relitigation of the same issues. . . ) (citations omitted). Application of the doctrine means "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot be litigated between the same parties in any future lawsuit." *Harrison v. Eddy Potash, Inc*., 248 F.3d 1014 (10th Cir. 2001).

Collateral estoppel applies to identical issues in two suits where the same parties or parties in privity are involved in both actions even though the subject matter in the second action differs from the first. *Reeves v. Wimberly*, 107 N.M. 231, 233 (N.M.App.,1988).  In order to invoke collateral estoppel a party must establish the existence of four elements: (1) the parties are the same or in privity with the parties in the original action; (2) the subject matter or cause of action in the two suits are different; (3) the ultimate facts or issues were actually litigated; and (4) the issue was necessarily determined. *Id.*   For civil cases, New Mexico has abandoned the traditional rule that the parties must be the same or in privity in order to apply the doctrine of collateral estoppel.  In its place is the requirement that the party against whom the doctrine will be applied had a full and fair opportunity to litigate the relevant issue. *Reeves,* 107 N.M. 233; *see State v. Arevalo,* 132 N.M. 306, 308 (Ct.App. 2002).

All the requirements are met here.  Plaintiff claims that it could not have appealed the state court judgment because it was not a party in that case, but it is undisputed that MCC defended I&W and controlled the defense in the underlying litigation, and thus was in privity

with I&W in the prior action which determined that I&W was liable to the Circle S parties, as well as the amount of damages.   Moreover, the notion that Plaintiff was in control of the defense of I&W in the state court litigation is further bolstered by the fact that I&W had filed for bankruptcy protection and the automatic stay was lifted by the Bankruptcy Court for the sole purpose of allowing the Circle S Defendants to pursue I&W to the extent there was available insurance coverage for the losses claimed by the Circle S Defendants in the state court litigation.[4] In controlling the defense of I&W, MCC had ample opportunity to litigate the issue of damages and thus MCC cannot now claim it was unable to fully and fairly litigate that issue, including appealing the amount of damages awarded by the jury for an offset for salvage value.

The state court litigation involved negligence claims while the present action involves a determination as to MCC's obligations concerning insurance coverage for the damages awarded in the underlying case.  Thus, the causes of action are different, satisfying the second factor.   In the underlying case, the parties presented evidence as to the damages and the jury determined the amount of those damages based on the evidence.    MCC chose not to appeal the verdict and judgment.  In the instant motion, MCC is again raising the issue of the amount of damages.    In making this challenge, MCC is raising identical issues that have already been litigated and which resulted in a final adjudication.

## CONCLUSION

In sum, the Court finds and concludes that there is no good cause for the Court to exercise its discretion in allowing MCC to supplement its complaint in order to assert a salvage value claim.   The request is untimely and will prejudice Defendants, as well as further delay this litigation for no good reason except to allow MCC to avoid its indemnification obligations.

---

[4]  *See In re I&W, Inc*., case number 10-12366-j7, Doc. 4.  The relief from stay was granted in the bankruptcy case on MCC's motion on August 2, 2011.  *See* Doc. 18 at 1.

Furthermore, the doctrine of collateral estoppel bars Plaintiff from relitigating this issue.

Accordingly, for the above stated reasons, Plaintiff's Motion for Leave to File First

Supplemental Complaint, filed December 16, 2014 **(Doc. 142)** is hereby **DENIED**.

      **SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE